○ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

*BZ*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

CRAIG JOHANN DOUGLAS

## DEFENDANTS

CITY AND COUNTY OF SAN FRANCISCO

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Craig Johann Douglas, Plaintiff in Pro Per
640 9th Avenue
San Francisco, CA 94118
(415) 668-6232

Attorneys (If Known)

*E-filing*

James F. Hannawalt, Deputy City Attorney
DENNIS J. HERRERA, CITY ATTORNEY
CITY ATTORNEY's OFFICE, 1390 Market St., 6th Floor
San Francisco, CA 94102 (Tel: (415) 554-3913)

*ADR*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and one Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☒ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S. Constitutional violations, 42 U.S.C. Section 1983

Brief description of cause:
Excessive force.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY)   ☐ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE
January 14, 2009

SIGNATURE OF ATTORNEY OF RECORD
*O C A*

JAMES F. HANNAWALT, Deputy City Attorney

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.      Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
3 | JAMES F. HANNAWALT, State Bar #139657
Deputy City Attorney
4 | Fox Plaza
1390 Market Street, 6th Floor
5 | San Francisco, California 94102-5408
Telephone: (415) 554-3913
6 | Facsimile: (415) 554-3837

7 | Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

**FILED**

JAN 1 4 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

BZ

8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | CRAIG JOHANN DOUGLAS,

Case No. **CV 09 0183**

12 | Plaintiff,

13 | vs.

14 | THE CITY AND COUNTY OF SAN
FRANCISCO, SAN FRANCISCO
15 | POLICE DEPARTMENT, MALCOLM
FONG, MICHAEL WRIGHT, MICHAEL
16 | ZHANG, and DOES 1-100, inclusive,

17 | Defendants.

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(b) (FEDERAL
QUESTION JURISDICTION) BY
DEFENDANT CITY AND COUNTY OF
SAN FRANCISCO [28 U.S.C. §§ 1441,
1446]**

**DEMAND FOR JURY TRIAL**

18

19

20

21

22

23

24

25

26

27

28

1    TO THE CLERK OF THE ABOVE COURT AND TO PLAINTIFF IN PROPRIA

2  PERSONA: NOTICE IS HEREBY GIVEN that the City and County of San Francisco, named as

3  defendant in the above-captioned action, No. CGC-07-469628 in the files and records of the

4  Superior Court of California for the County of San Francisco, hereby removes said action to the

5  United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections

6  1441 and 1446, and is filing in said Superior Court a Notice of Removal.

7    Defendant City and County of San Francisco pursuant to 28 U.S.C. §§1441 and 1446,

8  presents the following facts to the Judges of the United States District Court for the Northern District

9  of California:

10    A civil action bearing the above-caption was commenced in the Superior Court of California

11  for the City and County of San Francisco, Case No. CGC-07-469628 on November 30, 2007, and is

12  pending therein. The summons and complaint were served on the City and County of San Francisco

13  on December 15, 2008. The complaint includes a claim for "Constitutional Violations." None of

14  the defendants other than the City and County of San Francisco join in this removal because only the

15  City and County of San Francisco has been served.

16    This action is one which may properly be removed to this Court pursuant to 28 U.S.C.

17  sections 1441(a) and (b), because the complaint alleges defendant "violated the constitutional rights"

18  of plaintiff.

19    To the extent that plaintiff's complaint alleges a claim or cause of action other than violation

20  of rights under the laws of the United States, said causes of action may be removed and adjudicated

21  by this Court pursuant to 28 U.S.C. §1441(c).

22    Pursuant to 28 U.S.C. §1446(b), copies of the process, pleadings and other orders served

23  upon defendant in this action are attached as Exhibit A. Defendant's answer and related documents

24  are attached as Exhibit B.

25    WHEREFORE, defendant prays that the above action now pending in the Superior Court of

26  California for the County of San Francisco be removed in its entirety to this Court for all further

27  proceedings.

28

Notice of Removal (Federal Court);                    2                    n:\lit\li2009\090658\00531814.doc
Douglas v. CCSF, et al.

1

## **DEMAND FOR JURY TRIAL**

2

Defendant City and County of San Francisco demands a trial by jury in this action.

3

4

Dated: $1 - 13 \cdot 09$

5

6
DENNIS J. HERRERA
City Attorney

7
JOANNE HOEPER
Chief Trial Deputy

8
JAMES F. HANNAWALT
Deputy City Attorney

9

10
By:

11
JAMES F. HANNAWALT

12
Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Removal (Federal Court);
Douglas v. CCSF, et al.

3

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

RECEIVED
MAYOR'S OFFICE

08 DEC 15 AM 11: 28

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
The City and County of San Francisco, San Francisco Police Department,
Malcolm Fong, Michael Wright, Michael Zhang, and Does 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Craig Johann Douglas

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más Información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>**CGC-07-469628** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Craig Johann Douglas - in Pro Per                                  Phone No. (415) 668-6232
640 9th Avenue, San Francisco, CA 94118

DATE: **NOV 3 0 2007**         Gordon Park-Li         Deborah Steppe
*(Fecha)*         Clerk, by _____, Deputy
                  *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* The City and County of San Francisco

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):* Public Entity        EXHIBIT "A"
4. ☒ by personal delivery on *(date):* December 15, 2008

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*LexisNexis® Automated California Judicial Council Forms*

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2007 NOV 30 PM 4:07

GORDON PARK - LI, CLERK

BY: _____ Deborah Steppe
DEPUTY CLERK

Craig Johann Douglas **CASE MANAGEMENT CONFERENCE SET**
640 9th Avenue
San Francisco, CA 94118    **MAY 0 2 2008 - 9:00 AM**
(415) 668-6232

Plaintiff *in Pro Per*    **DEPARTMENT 212**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| CRAIG JOHANN DOUGLAS, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, MALCOLM FONG, MICHAEL WRIGHT, MICHAEL ZHANG, and DOES 1-100, <br><br> Defendants. | Case No.:  **CGC-07-469628** <br><br> COMPLAINT FOR BATTERY, ASSAULT, FALSE ARREST, DISCRIMINATORY ACTS OF VIOLENCE, AND CONSTITUTIONAL VIOLATIONS <br><br> **JURY TRIAL DEMANDED** |

Comes now plaintiff Craig Johan Douglas, and alleges the following.

## PARTIES

1. Plaintiff Craig Johann Douglas (sometimes hereafter "Mr. Douglas") is an individual and a citizen and a resident of the State of California, County of San Francisco.

2. Defendant the City and County of San Francisco ("CITY") is a political subdivision within the State of California.

3. Defendant the San Francisco Police Department ("SFPD") is a department of the CITY.

**COMPLAINT - 1**

4. Defendant Malcolm Fong ("FONG"), Star No. 659, at all relevant times was a policeman with the San Francisco Police Department and an employee of the CITY. FONG is sued in his individual and official capacity.

5. Defendant Michael Wright ("WRIGHT"), Star No. 871, at all relevant times was a policeman with the San Francisco Police Department and an employee of the CITY. WRIGHT is sued in his individual and official capacity.

6. Defendant Michael Zhang ("ZHANG"), Star No. 4236, at all relevant times was a policeman with the San Francisco Police Department and an employee of the CITY. ZHANG is sued in his individual and official capacity.

7. Defendant DOES 1 through 100 are persons or entities whose true names and identities are presently unknown to plaintiff and who, therefore, are sued by such fictitious names. Each of these fictitiously named defendants is responsible in some manner for the matters alleged herein and is jointly and severally liable to plaintiff. Plaintiff will seek leave of this Court to amend the Complaint to state the true name and capacities of Does 1 through 100 when the same have been ascertained.

8. Plaintiff is informed and believes that, at all times herein mentioned, each defendant was the agent, co-conspirator, joint tortfeasor, partner, joint venturer, joint enterprising partner, independent contractor, and/or alter ego of each other defendant. In doing the things alleged herein, each defendant was acting within the course and scope of said agency, conspiracy, contract, partnership, joint venture, and/or joint enterprise with the direction, advance knowledge, authorization, acquiescence, and/or subsequent ratification of each and every remaining defendant. Each defendant was put in a position and so enabled by the remaining defendants to do the things hereinafter alleged. Each defendant had the knowledge of

COMPLAINT - 2

and agreed to the objective and course of action hereinafter alleged, and each defendant

conspired with and aided and abetted each other defendant in achieving that objective and

pursuing that course of action. Plaintiff is informed and believes and thereon alleges that each of

said fictitious defendants was responsible in some way for the matters alleged herein and .

proximately caused plaintiff and members of the public the damages complained of herein.

9.    Within the statutory time, Mr. Douglas filed a notice of claim with the CITY

relating to his claims herein. Plaintiff's claim was denied and Mr. Douglas brings this motion in

a timely fashion after the denial of his claim.

### ALLEGATIONS COMMON TO ALL CLAIMS

10.    Plaintiff incorporates herein by reference by all preceding allegations.

11.    On or about December 11, 2006, Mr. Douglas was pulled over by the defendants ~~alleg~~

for running a stop sign. Mr. Douglas ~~was~~ *had consumed alcohol that night* and admitted as much to the defendants.

Mr. Douglas also informed the defendants of what he had done that night, ~~~~

~~~~ the surgery on his right arm in which a steel plate had been inserted, and the likely effects

of his recent surgery and the medication he was taking on his *physical* state~~~~. Mr.

Douglas's arm was protruding at an odd angle from his body, putting the officers on good and

sufficient notice that Mr. Douglas did indeed have an unusual condition in his arm limiting its

range of motion. The defendants informed Mr. Douglas that he was under arrest and would be

required to submit to a blood alcohol test at the police station. Mr. Douglas agreed and offered

his hands for handcuffing. Mr. Douglas again reminded the officers that he had a plate in his

arm and would not be able to put his arms behind his back for handcuffing.   Notwithstanding the

numerous warnings that Mr. Douglas gave the defendants, as well as his admission of his

*drinking* ~~~~and willingness to be arrested and have his blood tested at the police station,

### COMPLAINT - 3

defendant FONG brutally and intentionally seized Mr. Douglas's right, injured arm, and rapidly twisted it behind Mr. Douglas's back. Mr. Douglas screamed out and writhed in pain, repeatedly telling FONG that he was hurting Mr. Douglas. At that point, FONG even more brutally twisted Mr. Douglas's arm behind his back, and then drove Mr. Douglas's body to the ground and head into a nearby tree with all the force of FONG's body. FONG completed the task with his knee planted squarely on Mr. Douglas's back, further smashing Mr. Douglas's knees, face, and person into the ground and into the tree *cutting, brusing* Mr. Douglas's face and body, and the surgical *undoing* repair of Mr. Douglas's right arm. *While also causing new injury* As he was doing all of this, and subsequently, FONG spat out the words "faggot" *fucking* in Mr. Douglas's direction, with obvious hatred and discriminatory intent and effect.

12. Defendants WRIGHT and ZHANG observed what defendant FONG was doing but did nothing to stop it. In fact, WRIGHT and ZHANG assisted, aided, and abetted FONG in his assault according to police accounts of the incident. Mr. Douglas continued to inform FONG, WRIGHT, and ZHANG that the handcuffs as placed were injuring him, but they did nothing to mitigate the situation. FONG subsequently fabricated and suppressed evidence to support a charge of resisting arrest. Mr. Douglas is informed and believes that WRIGHT and ZHANG, participated in, assisted, aided, abetted, and conspired with defendant FONG to so fabricate and suppress evidence to support a charge of resisting arrest.

13. As a proximate result of defendants' action and inactions, Mr. Douglas suffered serious bodily injury, including injury and re-injury to his arm, knees, face, and emotional well being, past and future medical expenses according to proof, loss of wages or wage earning capacity, pain and suffering, and other damages according to proof, wherefore he prays for judgment as set forth below.

1

## FIRST CLAIM FOR RELIEF
(Battery - Excessive and Illegal Force)

2

3    14.    Plaintiff incorporates by reference herein all preceding paragraphs of this

4    complaint.

5    15.    Defendants by and through FONG, WRIGHT, and ZHANG did intentionally and

6    maliciously make offensive contact with the person of plaintiff.

7    16.    Plaintiff did not consent to this contact.

8    17.    Said contact caused physical injury, pain, and suffering to plaintiff in an amount

9    to be proven at trial but in excess of this Court's jurisdiction.

10   18.    Defendants in their appropriate capacities acted in willful and malicious disregard

11   of the rights of plaintiff, entitling plaintiff to punitive damages.

12   WHEREFORE plaintiff prays for judgment as set forth below.

13

## SECOND CLAIM FOR RELIEF
(Assault - Excessive and Illegal Force)

14

15   19.    Plaintiff incorporates by reference herein all preceding paragraphs of this

16   complaint.

17   20.    Defendants by and through FONG, WRIGHT, and ZHANG did both verbally and

18   through their actions threaten to undertake harmful or offensive contact with the person of

19

20   plaintiff. These actions were taken by defendants with the intent of causing plaintiff fear and

21   apprehension of harmful or offensive contact and bodily harm. These actions by defendants did

22   in fact cause plaintiff to be fearful and apprehensive of harmful or offensive contact to his person

23   from defendants.

24   21.    In doing the acts alleged above, defendants intended to cause or to place plaintiff

25   in fear and apprehension of harmful or offensive contact with plaintiff's person.

**COMPLAINT - 5**

1    22.    As a result of defendants' acts as alleged above, plaintiff was placed in great fear

2    and apprehension of harmful or offensive contact to plaintiff's person.

3    23.    Plaintiff did not consent to this contact.

4    24.    Said contact caused physical injury, pain, and suffering to plaintiff in an amount

5    to be proven at trial but in excess of this Court's jurisdiction.

6    25.    The officers in their appropriate capacities acted in willful and malicious

7    disregard of the rights of plaintiff, entitling plaintiff to punitive damages.

8    WHEREFORE plaintiff prays for judgment as set forth below.

9
                            THIRD CLAIM FOR RELIEF
10                   (Infliction of Emotional Distress - Excessive Force)

11    26.    Plaintiff incorporates by reference herein all preceding paragraphs of this

12    complaint.

13    27.    Defendants by and through FONG, WRIGHT, and ZHANG have intentionally,

14    recklessly, negligently, and/or wrongfully inflicted emotional distress on plaintiff. Defendants'

15    conduct was outrageous as alleged. Defendants knew or should have known their actions would

16    cause severe emotional distress.

17    28.    As a proximate result of defendants' activities as alleged, plaintiff suffered severe

18    emotional distress, including physical manifestations of loss of sleep, headaches.

19
      29.    Defendants in their appropriate capacities acted in willful and malicious disregard
20
      of the rights of plaintiff, entitling plaintiff to punitive damages.
21

22    WHEREFORE plaintiff prays for judgment as set forth below.

23    ///

24    ///

25    ///

**COMPLAINT - 6**

## FOURTH CLAIM FOR RELIEF
(False Arrest)

30.     Plaintiff incorporates by reference herein all preceding paragraphs of this complaint.

31.     Defendants by and through FONG, WRIGHT, and ZHANG arrested Mr. Douglas for resisting arrest without legal cause or justification.

32.     As a proximate result of defendants' activities as alleged, plaintiff suffered general damages, including pain and suffering, including but not limited to emotional distress, worry, and anxiety.

33.     Defendants in their appropriate capacities acted in willful and malicious disregard of the rights of plaintiff, entitling plaintiff to punitive damages.

WHEREFORE plaintiff prays for judgment as set forth below.

## FIFTH CLAIM FOR RELIEF
(Unruh Civil Rights Act, Civil Code § 51 *et seq.*)

34.     Plaintiff incorporates by reference herein all preceding paragraphs of this complaint.

35.     By doing the things alleged above, defendants have violated Mr. Douglas's civil rights as set forth in California Civil Code section 51 *et seq.*, including but not limited to his right to be free from any violence or intimidation by threat or violence, committed against his person because of his race, sex, sexual orientation, disability, or other protected conditions as set forth in section 51.7 of the Civil Code and other applicable law.

36.     Plaintiff has been damaged by defendants' actions as alleged.

**COMPLAINT - 7**

37. Defendants are subject to penalties of $25,000 or other applicable amounts per occurrence under section 52(b)(2) of the Civil Code and other applicable law.

38. Defendants in their appropriate capacities acted in willful and malicious disregard of the rights of plaintiff, entitling plaintiff to punitive damages.

WHEREFORE plaintiff prays for judgment as set forth below.

## SIXTH CLAIM FOR RELIEF
(Constitutional Violations)

39. Plaintiff incorporates herein by reference by all preceding allegations.

40. Defendants violated the constitutional rights of Mr. Douglas by conducting themselves as alleged above, including but not necessarily limited to the battery and assault upon Mr. Douglas.

41. Claimant suffered and/or suffers physical injury, medical expenses, economic loss, pain, loss of freedom, intense embarrassment, mental anguish, loss of reputation, and general pain and suffering as a result of defendant's acts in an amount of $25,000, in excess of this court's jurisdiction, or an amount to be proven at trial.

42. Defendants in their appropriate capacities acted in willful and malicious disregard of the rights of plaintiff, entitling plaintiff to punitive damages.

WHEREFORE plaintiff prays for judgment as set forth below.

1. For compensatory damage according to proof, but in excess of this Court's jurisdiction;

2. For punitive damages against the individual officers in their appropriate capacities;

3. For statutory penalties;

4. For attorney's fees pursuant to law;

**COMPLAINT - 8**

5.     For costs of suit;

6.     For such and further relief as the Court may deem just.

DATED: // / 3 0 / 0 7

By: _____
              Craig Johann Douglas
              *IN PRO PER*

**COMPLAINT - 9**

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

# Introduction

**Did you know that most civil lawsuits settle without a trial?**

**And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?**

**These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.**

**In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.**

**ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.**

# Advantages of ADR

**ADR can have a number of advantages over a lawsuit.**

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy.  Attorneys are encouraged to share this guide with clients.  By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony.  The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.  When the Court orders a case to arbitration it is called judicial arbitration.  The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration.  Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## *Operation*

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## *Cost*

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## *Description*

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case.  Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions.  Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes.  An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties.  A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation.  The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial.  Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110).  Both forms are attached to this packet.

## *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call BASF at 415-982-1600.

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## *Cost*

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

## *Description*

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar.  The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute.  The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference.  A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case.  The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

## *Operation*

Civil cases enter the ESP either voluntarily or through assignment by the Court.  Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐   **Private Mediation**     ☐   **Mediation Services of BASF**   ☐   **Judicial Mediation**
☐   **Binding arbitration**                                                          Judge _____
☐   **Non-binding judicial arbitration**                                 Judge _____
☐   **BASF Early Settlement Program**
☐   **Other ADR process (describe)** _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2  3/06          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| **(Check one):**  ☐ **UNLIMITED CASE**  ☐ **LIMITED CASE** (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:            Dept.:          Div.:          Room:

Address of court *(if different from the address above)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

<div align="right">CM-110</div>

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**4. b.** Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5. Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

**6. Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

**7. Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

**8. Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

**9. Preference**
☐ This case is entitled to preference *(specify code section):*

**10. Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]     **CASE MANAGEMENT STATEMENT**     Page 2 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

  e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f.    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g.    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

  ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

  a.    ☐ Insurance carrier, if any, for party filing this statement *(name):*

  b.    Reservation of rights: ☐ Yes ☐ No

  c.    ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

  ☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

  a.    ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

  ☐ Additional cases are described in Attachment 14a.

  b.    ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

<u>Party</u>                                     <u>Description</u>                                              <u>Date</u>

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**

Previous case management orders in this case are *(check one):*     ☐ none     ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any):* _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | ▶ | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |
| | | ☐ Additional signatures are attached |



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason
The Honorable James J. McBride

The Honorable Kevin M. McCarthy
The Honorable Marla J. Miller
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss
The Honorable Charlotte Walter Woolard

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated but specific request are not guaranteed. Please allow at least 30 days for scheduling. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/08 (mt)

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  JAMES F. HANNAWALT, State Bar #139657
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3913
6  Facsimile:    (415) 554-3837
   E-Mail:       james.hannawalt@sfgov.org

7

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JAN 13 2009

GORDON PARK-LI, Clerk
BY: _____ MARIA SANCHEZ
                        Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SAN FRANCISCO

12                    UNLIMITED JURISDICTION

13  CRAIG JOHANN DOUGLAS,                 | Case No. CGC-07-469628

14       Plaintiff,                       | **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO PLAINTIFF'S**

15       vs.                              | **UNVERIFIED COMPLAINT**

16  THE CITY AND COUNTY OF SAN            | Date Action Filed:  November 30, 2007
    FRANCISCO, SAN FRANCISCO POLICE       | Trial Date:         Date
17  DEPARTMENT, MALCOLM FONG,
    MICHAEL WRIGHT, MICHAEL ZHANG,
18  and DOES 1-100, inclusive,

19       Defendants.

20

21       Defendant City and County of San Francisco hereby answers plaintiff's unverified complaint

22  as follows:

23       Pursuant to California Code of Civil Procedure Section 431.30, defendant denies each and

24  every allegation contained in plaintiff's complaint.

25       Defendant denies that plaintiff has been damaged in any sum or sums, or otherwise, or at all,

26  by reason of any act or omission of defendant.

27  ///

28  ///

                                        EXHIBIT "B"

                                1

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

The complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

## Second Affirmative Defense

The City and County of San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to the provisions of Section 818 of the California Government Code.

## Third Affirmative Defense

Plaintiff was comparatively negligent in and about the matters and activities alleged in the complaint; said comparative negligence contributed to and was a proximate cause of plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and if plaintiff is entitled to recover damages against defendants by virtue of said complaint, defendants pray that the recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

## Fourth Affirmative Defense

Plaintiff assumed the risk of injury, and her claim is therefore barred.

## Fifth Affirmative Defense

The officer or officers involved at all times acted with probable cause and/or reasonable suspicion and were therefore justified in detaining, arresting, restraining, and/or using force on Plaintiff.

## Sixth Affirmative Defense

The officer or officers involved acted in accordance with and pursuant to §§834, 834a 835, 835a, 835, and 836.5 of the California Penal Code.

## Seventh Affirmative Defense

The officer or officers' actions were subjectively and objectively reasonable so as to entitle them to absolute or qualified immunity for any acts within the scope of their employment herein.

///

///

     

1

**Eighth Affirmative Defense**

2     Plaintiff's complaint is barred by the doctrine of res judicata and/or collateral estoppel.

3

**Ninth Affirmative Defense**

4     Defendant is immune from liability because the involved officer or officers were acting to

5 execute or enforce the law.

6

**Tenth Affirmative Defense**

7     Defendant is immune from liability because the involved officer or officers were instituting or

8 prosecuting a judicial or administrative proceeding.

9

**Eleventh Affirmative Defense**

10     Any force that the involved officer or officers used against Plaintiff was reasonable, privileged,

11 and justified in light of the circumstances at issue and in light of plaintiff's own actions and conduct.

12

**Twelfth Affirmative Defense**

13     Plaintiff knowingly, voluntarily and/or willingly consented to the use of force upon his person.

14

**Thirteenth Affirmative Defense**

15     The City is immune for an injury to any prisoner, pursuant to Government Code section 844.6.

16

**Thirteenth Affirmative Defense**

17     No more force was used on plaintiff's person than was necessary to effect detention, overcome

18 any resistance thereto, prevent escape therefrom, prevent injury to the officers, and/or to facilitate and

19 safeguard a valid police investigation and/or arrest.

20

**Fourteenth Affirmative Defense**

21     At all times mentioned in the complaint, the plaintiff acted in a careless, reckless, wanton and

22 negligent manner in and about the matters set forth in the complaint; such careless, reckless, wanton

23 and negligent conduct proximately contributed to the injuries and damages, if any, sustained or

24 claimed by plaintiff; and as a consequence, plaintiff's claim is barred.

25

**Fifteenth Affirmative Defense**

26     The employees, officials and agents of defendant were at all times material hereto acting with

27 both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred

28 by law.

3

1

<div align="center">

**Sixteenth Affirmative Defense**

</div>

2    The complaint is barred by the provisions and immunities of the California Tort Claims Act,

3  without limitation:  Government Code Sections 815; 815.2; 815.3; 815.4; 815.6; 816; 818; 818.2;

4  818.4; 818.5; 818.6; 818.7; 818.8; 818.9; 820; 820.2; 820.21; 820.25; 820.4; 820.6; 820.8; 820.9; 821;

5  821.2; 821.4; 821.5; 821.6; 821.8; 822; 822.2; 823; 825; 825.4; 825.6; 827; 830; 830.1; 830.2; 830.4;

6  830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.21; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835;

7  835.2; 835.4; 840; 840.2; 840.4; 840.6; 844; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2;

8  850.4; 850.6; 850.8; 854; 854.2; 854.3; 854.4; 854.5; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856;

9  856.2; 856.4; 856.6; 860; 860.2; 860.4; 862; 865; 866; 867; 895; 895.2; 895.4; 895.6; 895.8.  Under

10  California law, these defendants are liable only pursuant to statute.

<div align="center">

**Seventeenth Affirmative Defense**

</div>

11

12    Plaintiff failed to comply with the claims requirements with respect to suits against public

13  entities, pursuant to Government Code Sections 900-915.4, 930-951 inclusive and other applicable

14  statutes.

<div align="center">

**Eighteenth Affirmative Defense**

</div>

15

16    Plaintiff failed to comply with the statute of limitations pursuant to California Code of Civil

17  Procedure §340 and 342, and other applicable statutes.

<div align="center">

**Nineteenth Affirmative Defense**

</div>

18

19    Plaintiff failed to exercise reasonable care and diligence to mitigate plaintiff's alleged

20  damages.

<div align="center">

**Twentieth Affirmative Defense**

</div>

21

22    Defendant alleges that the fault of persons other than defendant contributed to and proximately

23  caused any occurrence described in the Complaint, and that under the principles of *American*

24  *Motorcycle Ass'n v. Superior Court* (1978) 20 Cal.3d 578, the percentage of such contribution should

25  be established by special verdict or other procedure, and that defendant's ultimate liability be reduced

26  to the extent of such contribution.

27  ///

28  ///

<div align="center">

4

</div>

1

### Twenty-First Affirmative Defense

2      In the event that defendant is found to be liable – which liability is specifically denied and

3 stated merely for the purposes of this affirmative defense – such liability, if any, for non-economic

4 damages shall be several, and not joint, pursuant to the California Fair Responsibility Act of 1986

5 (Proposition 51) as set forth in Section 1432 <u>et seq</u> of the California Civil Code.  Defendant requests

6 that the trier of fact be instructed that the amount of non-economic damages be allocated in direct

7 proportion to the percentage of fault, if any, assessed against each person or entity to which the Act

8 applies and that a separate judgment be rendered against each such person or entity in the amount of

9 such non-economic damages attributable to that person or entity.

10

### Twenty-Second Affirmative Defense

11      The provisions of the Tort Claims Act of the California Government Code as a measure of the

12 duty of defendants.

13

### Twenty-Third Affirmative Defense

14      Any injury to Plaintiff was caused by his own resistance and not by any actions of the officers.

15

### Twenty-Fourth Affirmative Defense

16      Defendant presently has insufficient knowledge or information on which to form a belief as to

17 whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right to

18 assert additional defenses in the event that discovery indicates that they would be appropriate.

19      WHEREFORE, defendant prays for judgment as follows:

20      1.     That plaintiff take nothing from Defendant by plaintiff's complaint.

21      2.     That the Court dismiss plaintiff's complaint with prejudice and enter judgment in favor

22 of Defendant;

23      3.     That the Court award Defendant its attorneys fees and costs of suit herein incurred; and

24 ///

25 ///

26 ///

27 ///

28 ///

<div align="center">5</div>

1         4.     That the Court award such additional relief as the Court deems just and proper.

2

3    Dated: January 13, 2009

4                                           DENNIS J. HERRERA

5                                           City Attorney
                                       JOANNE HOEPER

6                                           Chief Trial Attorney
                                       JAMES F. HANNAWALT

7                                           Deputy City Attorney

8                                  By:_____

9                                        JAMES F. HANNAWALT

10                                          Attorneys for Defendant
                                       CITY AND COUNTY OF SAN FRANCISCO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    6

1

**PROOF OF SERVICE**

2

I, MARY MARTIN, declare as follows:

3

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

4

5

On January 13, 2009, I served the following document(s):

6

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

7

on the following persons at the locations specified:

8

Craig Johann Douglas, Plaintiff in Pro Per
640 9<sup>th</sup> Avenue
San Francisco, CA 94118

9

10

in the manner indicated below:

11

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

12

13

14

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

15

16

17

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

18

19

20

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number 415) 554-3837 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached or ☐ will be filed separately with the court.**

21

22

23

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

24

Executed January 13 2009, at San Francisco, California.

25

26

MARY MARTIN

27

28

7

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  JAMES F. HANNAWALT, State Bar #139657
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3913
6  Facsimile:    (415) 554-3837
   E-Mail:       james.hannawalt@sfgov.org
7
   Attorneys for Defendant
8  CITY AND COUNTY OF SAN FRANCISCO

ENDORSED
FILED
Superior Court of California
County of San Francisco

JAN 13 2009

GORDON PARK-LI, Clerk
BY: ___ MARIA SANCHEZ
                Deputy Clerk

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SAN FRANCISCO

11                    UNLIMITED JURISDICTION

12 | CRAIG JOHANN DOUGLAS, | Case No. CGC-07-469628 |
|---|---|
| 13 Plaintiff, | **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S DEMAND FOR JURY TRIAL** |
| 14 vs. | |
| 15 THE CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE | Date Action Filed:  November 30, 2007<br>Trial Date:        None Set |
| 16 DEPARTMENT, MALCOLM FONG, MICHAEL WRIGHT, MICHAEL ZHANG, | |
| 17 and DOES 1-100, inclusive, | |
| 18 Defendants. | |

19

20    Defendant City and County of San Francisco demand a trial by jury in this action.

21  Dated: January 13, 2009              DENNIS J. HERRERA
                                         City Attorney
22                                       JOANNE HOEPER
                                         Chief Trial Deputy
23                                       JAMES F. HANNAWALT
24                                       Deputy City Attorney

25
                                         By:
26                                       JAMES F. HANNAWALT
27                                       Attorneys for Defendants
                                         CITY AND COUNTY OF SAN FRANCISCO
28

                                  1

**PROOF OF SERVICE**

I, MARY MARTIN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On January 13, 2009, I served the following document(s):

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S DEMAND FOR JURY TRIAL**

on the following persons at the locations specified:

Craig Johann Douglas, Plaintiff in Pro Per
640 9th Avenue
San Francisco, CA 94118

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number 415) 554-3837 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached or ☐ will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed January 13, 2009, at San Francisco, California.

MARY MARTIN

2

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  JAMES F. HANNAWALT, State Bar #139657
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:      (415) 554-3913
6  Facsimile:      (415) 554-3837
   E-Mail:         james.hannawalt@sfgov.org
7

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   COUNTY OF SAN FRANCISCO

12                      UNLIMITED JURISDICTION

13  CRAIG JOHANN DOUGLAS,                    Case No. CGC-07-469628

14          Plaintiff,                       **DEFENDANT CITY AND COUNTY OF SAN**
                                             **FRANCISCO'S OBJECTION TO COURT**
15          vs.                              **COMMISSIONER ACTING AS JUDGE PRO**
                                             **TEMPORE AT TRIAL PURSUANT TO**
16  THE CITY AND COUNTY OF SAN               **LOCAL RULE 6.1(C)**
    FRANCISCO, SAN FRANCISCO POLICE
17  DEPARTMENT, MALCOLM FONG,                Date Action Filed:    November 30, 2007
    MICHAEL WRIGHT, MICHAEL ZHANG,           Trial Date:           None Set
18  and DOES 1-100, inclusive,

19          Defendants.

20

21

22          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THE COURT:

23          PLEASE TAKE NOTICE that, pursuant to Uniform Local Rule 6, defendant CITY AND

24  COUNTY OF SAN FRANCISCO ("Defendant") hereby objects to a Court Commissioner acting as a

25  Judge Pro Tempore for the purposes of presiding over the trial in the above-captioned case. Although

26  Defendant will not stipulate at this time to a Court Commissioner acting as a Judge Pro

27

28

                                             1

1  Tempore for the purposes of presiding over the trial, Defendant reserves the right to consider this

2  option and to enter such a stipulation at a later time.

3  Dated: January 13, 2009

4                                        DENNIS J. HERRERA
                                         City Attorney
5                                        JOANNE HOEPER
                                         Chief Trial Attorney
6                                        JAMES R. HANNAWALT
                                         Deputy City Attorney
7

8                                    By:

9                                        JAMES R. HANNAWALT

10                                       Attorneys for Defendant(s)
                                         CITY AND COUNTY OF SAN FRANCISCO
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            2

## PROOF OF SERVICE

I, MARY MARTIN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On January 13, 2009, I served the following document(s):

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S OBJECTION TO COURT COMMISSIONER ACTING AS JUDGE PRO TEMPORE AT TRIAL PURSUANT TO LOCAL RULE 6.1(C)**

on the following persons at the locations specified:

Craig Johann Douglas, Plaintiff in Pro Per
640 9th Avenue
San Francisco, CA 94118

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number 415) 554-3837 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached or ☐ will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed January 13, 2009, at San Francisco, California.

_____
MARY MARTIN

Def. CCSF's Objct. to Ct. Commissioner acting as Judge Pro tem-No. 469-628          n:\lit\li2009\090658\00531680.doc

1    **DOUGLAS V. CCSF, ET AL.**

2    <div align="center">**PROOF OF SERVICE**</div>

3    I, Mary Martin, declare as follows:

4    I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza
5    Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

6    On January 14, 2009, I served the attached:

7    <div align="center">**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)
(FEDERAL QUESTION JURISDICTION) BY
DEFENDANT CITY AND COUNTY OF SAN FRANCISCO
[28 U.S.C. §§ 1441, 1446]**</div>

8

9    <div align="center">**DEMAND FOR JURY TRIAL**</div>

10    on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

11    Craig Johann Douglas, Plaintiff in Pro Per
12    640 9th Avenue
San Francisco, CA 94118
13    Tel: (415) 668-6232

14    and served the named document in the manner indicated below:

15    ☒    **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above
16    documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and
17    processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

18    I declare under penalty of perjury under the laws of the State of California that the foregoing
19    is true and correct.

20    Executed January 14, 2009, at San Francisco, California.

21

22    _____
23                  MARY MARTIN

24

25

26

27

28

Notice of Removal (Federal Court);                n:\lit\li2009\090658\00531814.doc
Douglas v. CCSF, et al.